UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

STEPHEN MALLET,

     Petitioner,

v.                                Case No. 4:20cv294-MW-HTC

MARK S. INCH,

     Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner, Stephen Mallet, through counsel, filed a petition under 28 U.S.C. § 2254, challenging his conviction in Leon County Case Number 2011-CF-290A. ECF Doc. 1.  The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  Upon review of the petition (ECF Doc. 1) and the relevant state court documents, the undersigned recommends the Petition be DISMISSED without an evidentiary hearing as UNTIMELY.

## I.    BACKGROUND

Mallet was convicted in Leon County case number 2011-CF-290A and sentenced on February 17, 2014, after entering a plea of nolo contendere to two counts of possession with intent to promote child pornography and 117 counts of

possession. ECF Doc. 1 at 1-2. On March 19, 2014, Mallet filed a timely direct appeal (1D14-1243), and the First District Court of Appeal ("First DCA") affirmed, *per curiam*, on July 13, 2015. *Mallet v. State*, 173 So. 3d 890 (Fla. Dist. Ct. App. 2015). Mallet filed a motion for clarification and a written opinion, which was denied on August 27, 2015.

He filed a motion for reduction or modification of sentence under Fla. R. Crim. P. 3.800(c) on September 8, 2015. The 3.800(c) motion was denied in an order signed on November 25, 2015 and entered on the docket on December 2, 2015. Mallet did not appeal the denial of his 3.800(c) motion (see attached record of Mallet's First DCA and Fla. Supreme Court cases) and did not file anything until 523 days later, when he filed a 3.850 motion in circuit court, on May 9, 2017, arguing that trial counsel was ineffective for failing to timely reserve the right to appeal the order denying a pre-plea motion to dismiss two of the counts. *Mallet v. State*, 270 So. 3d 1282, 1284 (Fla. 1st DCA 2019).

On October 16, 2017, the circuit court denied Mallet's 3.850 motion, following an evidentiary hearing, finding that Mallet had failed to demonstrate prejudice because the evidence against him was overwhelming. *Id.* at 1285. Mallet appealed the circuit court's denial to the First DCA on November 2, 2017. On May 21, 2019, the First DCA affirmed the denial in a written opinion, agreeing with the circuit court that there was no prejudice because the evidence was overwhelming.

*Id.* at 1282. The mandate issued on June 11, 2019. The Florida Supreme Court denied review. *See Mallet v. State*, 280 So. 3d 1091, 1092 (Fla. 2019).

Mallet filed the instant petition on May 27, 2020, by delivering it to prison officials on that date. ECF Doc. 1. For the reasons which follow, the petition is untimely.

## II.    STANDARD FOR DISMISSAL UNDER RULE 4

Under Habeas Rule 4, "[t]he clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4 requires district courts to dismiss § 2254 petitions without ordering a response "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649 (11th Cir. 2020).

This preliminary review calls on a district court to screen the petition prior to service and dismiss the petition, *sua sponte*, upon a determination that it contains no meritorious claim for relief. *See* Rules Governing § 2254 Cases, R. 4 advisory committee notes ("it is the duty of the court to screen out frivolous applications"). The procedure serves to "eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." *Id.*

A dismissal under Rule 4 may be appropriate both on the merits and a finding that the petition is procedurally barred. *Paez*, 947 F.3d at 649 (citing *Kilgore v. Att'y Gen. of Colo.*, 519 F.3d 1084, 1089 (10th Cir. 2008) ("A district court may *sua sponte* dismiss a § 2254 petition if the petition's untimeliness is 'clear from the face of the petition itself.'"); *Jackson v. Sec'y for Dep't of Corr.*, 292 F.3d 1347, 1349 (11th Cir. 2002) (*per curiam*) ("even though the statute of limitations is an affirmative defense, the district court may review *sua sponte* the timeliness of the section 2254 petition").

In determining whether to dismiss a habeas petition under Rule 4, a court may properly take judicial notice of the state court dockets and filings. *Paez*, 947 F.3d at 649. State court records comply with the requirements of Federal Rule of Evidence 201, which permits a court to "judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2); *see Paez*, 947 F.3d at 649 (citing *Cunningham v. Dist. Att'y's Office*, 592 F.3d 1237, 1255 (11th Cir. 2010).

Thus, as an initial matter, the undersigned will take judicial notice of Petitioner's state court records pertaining to his underlying conviction and appeal, identified by case number 2011-CF-290A, filed in Leon County, and case number 1D14-1243, filed with the First DCA. Additionally, the Court will instruct the clerk to post as exhibits to this Report and Recommendation those portions of the state

court record which the undersigned considered in recommending this dismissal. *Paez*, 947 F.3d at 649 ("We think the best practice would be to include copies of any judicially noticed records as part of the Order that relies upon them, so as to ensure the inmate receives them.").

## III.    THE PETITION IS UNTIMELY

Pursuant to the requirements set forth in 28 U.S.C. § 2244, as amended by Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), a § 2254 petition must be filed within one-year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[1]  A judgment of conviction becomes final, for purposes of § 2244(d)(1), upon expiration of the 90-day period in which a defendant may seek direct review of his conviction in the United States Supreme Court. *See Chavers v. Sec'y, Fla. Dep't of Corr.*, 468 F.3d 1273, 1275 (11th Cir. 2006).

Here, the First DCA's *per curiam* opinion affirming Mallet's judgment on direct appeal, was entered July 13, 2015. *Mallet v. State*, 173 So. 3d 890 (Fla. Dist. Ct. App. 2015).  Mallet filed a motion for clarification and a written opinion, which was denied on August 27, 2015.  Thus, his judgment became final ninety (90) days later, on November 25, 2015.  *See Chavers*, 468 F.3d at 1275 ("the entry of judgment, and not the issuance of the mandate, is the event that starts the running of

---

[1] Although there are other "trigger" dates under the AEDPA, none of those apply here.  *See* 28 U.S.C. § 2244(d)(1)(B)-(D).

time for seeking Supreme Court review, within the meaning of Supreme Court Rule 13.3 and 28 U.S.C. § 2244(d)(1)(A)").

Therefore, Mallet's one-year time limit under the AEDPA to file a § 2254 petition expired on November 24, 2016, unless otherwise tolled. The one-year period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). To be "properly filed," the motion must be timely filed. "'[T]ime limits, no matter their form, are 'filing' conditions,' and . . . a state postconviction petition is therefore not 'properly filed' if it was rejected by the state court as untimely." *Jones v. Sec'y, Fla. Dep't of Corr.*, 906 F.3d 1339, 1351 (11th Cir. 2018), *cert. denied sub nom. Jones v. Inch*, 139 S. Ct. 1384 (2019) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005)).

There was *no* "tolling" in Mallet's case because the petition and the state court docket reveals that no application for postconviction relief was filed until May 9, 2017, more than six (6) months *after* the one-year time limit had already expired.[2]

---

[2] After the expiration of the one-year limit, Mallet also filed two additional 3.800 motions. The first, filed on June 8, 2018, requested that "the sentence in this case be corrected by striking" certain fines and costs included in the written judgment but not orally pronounced. The circuit court granted that motion and the judgment was modified to remove the disputed amounts on July 9, 2018. The correction of a clerical error in a judgment does not restart the one-year limitation provision of § 2244(d). *See United States v. Portillo*, 363 F.3d 1161 (11th Cir. 2004) (amendment of the judgment to correct clerical error in restitution provision did not restart the appellate time limits and provide the defendant with a second opportunity to appeal the judgment); *United States v. Brown*, 915 F.3d 1200, 1202 (8th Cir.), *cert. denied*, 140 S. Ct. 338 (2019) (where oral sentence of 480 months' imprisonment conflicted with written sentence of life, the district court's order "to

A state postconviction motion "filed after expiration of the one-year AEDPA limitations period . . . [can]not toll the limitations period, as the limitations period had already expired." *Delguidice v. Fla. Dep't Of Corr.*, 351 F. App'x 425, 428 (11th Cir. 2009). Therefore, the instant petition, which was not filed until more than three (3) years after the AEDPA one-year time period had expired, is untimely.

In issuing this Report and Recommendation, the undersigned also considered whether Mallet should nonetheless consider Mallet's untimely petition based on a "fundamental miscarriage of justice" or equitable tolling and finds that neither applies here. A court may consider an untimely § 2254 petition if, by refusing to consider the petition for untimeliness, the court thereby would endorse a "fundamental miscarriage of justice" because it would require that an individual who is actually innocent remain imprisoned. *See Johnson v. Alabama,* 256 F.3d 1156, 1171 (11th Cir. 2001). The actual innocence exception is "exceedingly narrow in scope," and a petitioner must demonstrate that he is factually innocent rather than legally innocent. *Id.; Bousley v. United States,* 523 U.S. 614, 623 (1998).

Mallet's petition, however, is not based on actual innocence. Instead, the petition raises a single ground of relief: "The state courts violated the Petitioner's

---

correct its judgment to reflect that [appellant's] sentence on Count 6 is 480 months" was not a new sentence allowing another §2254 petition, as it "did not change the sentence. Rather, that order ensured that the written judgment reflected his sentence of 480 months."). The second 3.800 motion was filed on August 8, 2019. In that motion, Mallet sought a reduction in his sentence based on expressions of remorse. The circuit court denied that motion as untimely on August 21, 2019. Since both these motions were filed *after* Mallet's AEDPA one-year time limit had passed, they also do not toll or restart Mallet's one-year period.

Fifth, Sixth and Fourteenth Amendment rights to due process and effective assistance of counsel, by an unreasonable determination of the facts, in light of evidence presented in the state court proceeding." ECF Doc. 1 at 9. Specifically, Mallet argues the courts erred in failing to find that his attorney's performance was prejudicial. *Id.* This argument is not premised on any newly discovered evidence, intervening change in the law, or assertion that Mallet is actually innocent of the crime. Therefore, the fundamental miscarriage of justice exception to the one-year time limit is not applicable here.

In Section H of the petition, Mallet states that: "Petitioner could not have known with due diligence [sic] the trial and appellate court's unreasonable determination of the facts that denied him relief pursuant to 28 U.S.C. § 2244(d)." To the extent Mallet is attempting to argue "equitable tolling," the undersigned finds that Mallet's lack of knowledge regarding whether the state court would deny his relief is insufficient to warrant "extraordinary circumstances." *Helton v. Sec'y for Dep't of Corr.,* 259 F.3d 1310, 1312–13 (11th Cir. 2001) (Equitable tolling can be applied to prevent the application of the AEDPA's statutory deadline when "extraordinary circumstances" have worked to prevent an otherwise diligent petitioner from timely filing his petition.") (citing *Sandvik v. United States,* 177 F.3d 1269, 1271 (11th Cir. 1999)).

First, Mallet should not have presumed his 3.850 motion would be granted. Second, Mallet's argument turns the AEDPA time bar on its head. As discussed

above, by the time Petitioner filed the 3.850 motion on May 9, 2017, the AEDPA

one-year time limit had already expired. *See Delguidice*, 351 F. App'x at 428. Thus,

the state court's denial of the 3.850 motion is irrelevant for timeliness purposes.

Accepting Mallet's argument would essentially result in the AEDPA clock re-

starting any time a post-conviction motion is filed, no matter when it is filed. Such

a result swallows the AEDPA one-year rule and is legally unsupported. Indeed, a

post-conviction motion filed more than 365 un-tolled days after a judgment becomes

final would not toll the AEDPA time, ***regardless*** of whether it was denied or granted.

*See Moore v. Crosby,* 321 F.3d 1377, 1379-80 (11th Cir. 2003) (holding that petition

for belated appeal, which was filed after the one-year limitation period had already

expired and later granted by the state appellate court, could not retroactively toll the

one-year limitation period).

## IV.     CONCLUSION

In short, because more than a year passed between December 2, 2015 and May

9, 2017, during which no state postconviction application for review was pending

(properly filed or not) to toll the AEDPA clock, the clock expired by the time he

filed his 3.850 motion on May 9, 2017 and the current petition should be dismissed

as untimely.

### A.     *Sua Sponte* **Dismissal Is Appropriate Since The Report And Recommendation Provides Notice And An Opportunity To Be Heard**

Because the petition is untimely, and Petitioner does not meet any of the exceptions excusing this procedural defect, the petition should be dismissed *sua sponte*. A court does not err by *sua sponte* dismissing a § 2254 petition as long as it gives petitioner notice of its decision and an opportunity to be heard in opposition. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019) (holding that the district court did not err by *sua sponte* dismissing plainly untimely § 2254 petition where the court provided the petitioner with "adequate notice and an opportunity to respond" (quotation marks omitted)).

This Report and Recommendation provides Mallet an opportunity to file objections and, thus, affords him both notice and a reasonable opportunity to respond. *Paez*, 947 F.3d at 649 (the petitioner was "provided ample notice and opportunity to explain why his petition was timely in his form petition and again when he was given the opportunity to respond to the magistrate judge's Report and Recommendation that his petition be summarily dismissed as untimely.") (citing *Magouirk v. Phillips*, 144 F.3d 348, 359 (5th Cir. 1998) (holding that plaintiff "was afforded both notice and a reasonable opportunity to oppose" procedural default when he was given an opportunity to object to the magistrate judge's Report and Recommendation that "placed [him] on notice that procedural default was a potentially dispositive issue")).

Additionally, the undersigned will also direct the clerk to provide the Secretary and the Attorney General's office a copy of the petition and this Report

and Recommendation so that the Secretary will also have an opportunity to respond to the Report and Recommendation, including to inform the Court if he intends to waive the timeliness defense. *See Paez*, 947 F.3d at 649.

### B.   An Evidentiary Hearing Is Not Warranted

The undersigned also finds that an evidentiary hearing is not warranted.  In deciding whether to grant an evidentiary hearing, this Court must consider "whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007).  Here, because Petitioner's petition is time-barred, an evidentiary hearing is not warranted.

### C.   Certificate Of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  28 U.S.C. § 2254 Rule 11(a).  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  28 U.S.C. § 2254 Rule 11(b).

After review of the record, the Court finds no substantial showing of the denial of a constitutional right.  § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is

also recommended that the district court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is ORDERED:

1.     The clerk shall serve a copy of the Petition and this Order and Report and Recommendation and attachments thereto to the Respondent Mark Inch by providing a copy of same to the Secretary and to the Attorney General. Despite such service of the petition, under Rule 4 of the Rules Governing § 2254 Cases and because the recommendation is that the petition be dismissed, the Respondent may, but does not have to file an answer, motion, or other response.

2.     The clerk shall attach as exhibits to this Report and Recommendation the state court docket for case number 2011-CF-290A, filed in Leon County, and case number 1D14-1243, filed with the First District Court of Appeal.

Additionally, it is respectfully RECOMMENDED:

1.    That the petition be DISMISSED under Habeas Rule 4.

2.    That a certificate of appealability be DENIED.

3.    That the clerk be directed to close the file.

At Pensacola, Florida, this 22nd day of June, 2020.

_/s/ Hope Thai Cannon_

**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

<u>NOTICE TO THE PARTIES</u>

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.

## Leon County Clerk of the Circuit Court and Comptroller
## Court Case Search

Full Case View 

Print Page

---

**37 2011 CF 000290 A - STATE OF FLORIDA vs MALLET, STEPHEN S**

**Charges:**
A001: MALLET, STEPHEN SW - POSSESSION WITH INTENT TO PROMOTE CHILD PORNOGRAPHY

---

| Party Status | Party | Party Code | Attorney | Attorney Status |
|---|---|---|---|---|
| STATE, | | PLAINTIFF | MACKENZIE   HOGAN | ACTIVE |

Top of Page

---

| Action Dscr | Open/Reopen Status | Open/Reopen Date | Disposition | Disposition Date | Judge |
|---|---|---|---|---|---|
| POSSESSION WITH INTENT TO PROMOTE CHILD PORNOGRAPHY | DISPOSED | 8/13/2019 10:56:51 AM | | 12/19/2013 3:00:00 PM | FULFORD |
| POSSESSION WITH INTENT TO PROMOTE CHILD PORNOGRAPHY | DISPOSED | 8/13/2019 10:56:51 AM | PROBATION ORDERED ADJ/G | 2/17/2014 1:00:00 PM | FULFORD |
| POSSESSION WITH INTENT TO PROMOTE CHILD PORNOGRAPHY | DISPOSED | 8/13/2019 10:56:51 AM | ORDER DENYING POST CONVICTION | 12/2/2015 4:22:33 PM | SHELFER |
| POSSESSION WITH INTENT TO PROMOTE CHILD PORNOGRAPHY | DISPOSED | 8/13/2019 10:56:51 AM | ORDER DENYING POST CONVICTION | 8/9/2017 10:30:02 AM | FITZPATRICK |
| POSSESSION WITH INTENT TO PROMOTE CHILD PORNOGRAPHY | DISPOSED | 8/13/2019 10:56:51 AM | ORDER GRANTING POST CONVICTION MOTION | 9/29/2017 1:46:27 PM | FITZPATRICK |
| POSSESSION WITH INTENT TO PROMOTE CHILD PORNOGRAPHY | DISPOSED | 8/13/2019 10:56:51 AM | ORDER GRANTING POST CONVICTION MOTION | 11/2/2017 3:17:23 PM | FITZPATRICK |
| POSSESSION WITH INTENT TO PROMOTE CHILD PORNOGRAPHY | DISPOSED | 8/13/2019 10:56:51 AM | ORDER GRANTING POST CONVICTION MOTION | 1/17/2019 10:40:31 AM | ALLMAN |
| POSSESSION WITH INTENT TO PROMOTE CHILD PORNOGRAPHY | DISPOSED | 8/13/2019 10:56:51 AM | ORDER DISMISSING POST CONVICTION | 8/21/2019 1:05:26 PM | ALLMAN |

Top of Page

---

| Charge # | Action Code | Description | Plea Date | Plea | Decision Date | Court Action | Charge Disposition | Citation |
|---|---|---|---|---|---|---|---|---|
| 1 | 827.0714 | OBSCENE MATERIAL-POSSESS WIT PROMOTE PHOTO MOVIE SEX PERFORMANCE CHILD | 10/24/2013 | N | 8/21/2019 1:05:26 PM | ORDER DISMISSING POST CONVICTION | ODMP | |

Top of Page

---

| Judges Appearing on Case | | | |
|---|---|---|---|
| Last Name | First Name | Date Assigned | Source |
| ALLMAN | FRANCIS | 8/13/2019 10:58:51 AM | JIS |
| FITZPATRICK | MARTIN | 6/19/2018 8:56:11 AM | JIS |
| SHELFER | JAMES | 9/18/2015 2:54:47 PM | JIS |
| FULFORD | JACKIE | 6/2/2013 1:23:06 PM | JIS |
| SHEFFIELD | FRANK | 7/1/2012 6:30:13 AM | JIS |
| ASHENAFI RICHARDSON | NINA | 1/28/2011 10:09:50 AM | JIS |
| DODSON | CHARLES | 1/27/2011 3:15:41 PM | JIS |

Top of Page

---

**Viewable On Request Statuses**

Viewable on Request Documents

e-Certify Documents



**Docket Table Headers Are Sortable. Click For Ascending, Again For Descending Order**
**Source Table Abbreviations: BM = Benchmark; JIS = Justice Informations System**

| Docket Date | CCISSeqNbr | Docket Code | ECertify | Docket Text | OR Book | OR Page | Source |
|---|---|---|---|---|---|---|---|
| 1/27/2011 | 1 | OVAR | | ON-VIEW ARREST-literal only- | | | JIS |
| 1/27/2011 | 2 | FAPR | | FIRST APPEARANCE REQUIRED-literal only- | | | JIS |
| 1/27/2011 | 3 | BOIN | | BOOKING INFORMATION-literal only- | | | JIS |
| 1/27/2011 | 4 | JDAS | | JUDGE ASSIGNED-literal only- | | | JIS |
| 1/27/2011 | 5 | FAPS | | FIRST APPEARANCE SET-literal only- | | | JIS |
| 1/28/2011 | 6 | ARFI ☐ «-*Req $* | | ARREST AFFIDAVIT / NOTICE TO APPEAR / INCIDENT REPORT-literal only- | | | JIS |
| 1/28/2011 | 7 | POPD ☐ «-*Req $* | | PROVISIONAL ORDER APPOINTING PUBLIC DEFENDER-literal only- | | | JIS |
| 1/28/2011 | 8 | AFPD | | APPLICATION FOR INDIGENCE SUBMITTED / DETERMINATION PENDING REVIEW OF VEHICLE AND PROPERTY RECORDS-literal only- | | | JIS |
| 1/28/2011 | 9 | CCCE | | CASE COMMENTS FROM COURT EVENT-literal only- | | | JIS |
| 1/28/2011 | 10 | NCWV | | NO CONTACT WITH VICTIM-literal only- | | | JIS |
| 1/28/2011 | 12 | BAMT | | BOND AMOUNT SET-literal only- | | | JIS |
| 1/28/2011 | 14 | AFSI | ☐ «-*Req $* | APPLICATION OF INDIGENT STATUS-INDIGENT-literal only- | | | JIS |
| 1/28/2011 | 15 | RMPR | | REVIEW OF MOTOR VEHICLE AND PROPERTY RECORDS FORM-literal only- | | | JIS |
| 2/1/2011 | 13 | PDAS | | PUBLIC DEFENDER ASSIGNED-literal only- | | | JIS |
| 2/2/2011 | 17 | NTCD ☐ «-*Req $* | | NOTICE OF DISCOVERY-literal only- | | | JIS |
| 2/2/2011 | 18 | CPNG ☐ «-*Req $* | | CONDITIONAL PLEA OF NOT GUILTY-literal only- | | | JIS |
| 2/2/2011 | 19 | BOND | | BONDED OUT-literal only- | | | JIS |
| 2/3/2011 | 20 | CORE ☐ «-*Req $* | | CONDITIONS OF RELEASE-literal only- | | | JIS |
| 2/3/2011 | 21 | SUBN ☐ «-*Req $* | | SURETY BOND FILED-literal only- | | | JIS |
| 2/9/2011 | 22 | NAPR ☐ «-*Req $* | | NOTICE OF APPEARANCE-literal only- | | | JIS |
| 2/11/2011 | 23 | SAAS | | STATE ATTORNEY ASSIGNED-literal only- | | | JIS |
| 3/3/2011 | 24 | PDRA | | PUBLIC DEFENDER REASSIGNED TO-literal only- | | | JIS |
| 3/7/2011 | 25 | MSUB ☐ «-*Req $* | | MOTION FOR SUBSTITUTION OF COUNSEL-literal only- | | | JIS |
| 3/7/2011 | 26 | OGSC ☐ «-*Req $* | | ORDER GRANTING SUBSTITUTION OF COUNSEL-literal only- | | | JIS |
| 3/7/2011 | 27 | PATT | | PRIVATE ATTY ASSIGNED-literal only- | | | JIS |
| 3/8/2011 | 1 | AFSI_CT ☐ «-*Req $* | | APPLICATION OF INDIGENT STATUS - INDIGENT RECEIPT: 475069 DATE: 03/08/2011 | | | BM |
| 3/17/2011 | 28 | MOTO ☐ «-*Req $* | | MOTION TO:-literal only- | | | JIS |
| 3/22/2011 | 29 | ORGR ☐ «-*Req $* | | ORDER GRANTING-literal only- | | | JIS |
| 4/27/2011 | 30 | MOTO ☐ «-*Req $* | | MOTION TO:-literal only- | | | JIS |
| 4/27/2011 | 31 | MTNS | | MOTION HEARING SET-literal only- | | | JIS |
| 4/27/2011 | 32 | TEXT | | -literal only- | | | JIS |
| 5/3/2011 | 33 | INFO | ☐ «-*Req $* | INFORMATION FILED-literal only- | | | JIS |
| 5/3/2011 | 34 | LCHG | | CHARGE LITERAL CHANGED-literal only- | | | JIS |
| 5/3/2011 | 35 | CCHG | | COURT CHARGE LITERAL ENTERED-literal only- | | | JIS |
| 5/3/2011 | 36 | ARNS | | ARRAIGNMENT SET:-literal only- | | | JIS |
| 5/3/2011 | 37 | ADDA ☐ «-*Req $* | | ANSWER TO DEMAND FOR DISCOVERY AND DEMAND FOR NOTICE OF ALIBI-literal only- | | | JIS |
| 5/10/2011 | 38 | ANDD ☐ «-*Req $* | | ANSWER TO DEMAND FOR DISCOVERY-literal only- | | | JIS |
| 6/1/2011 | 39 | CCCE | | CASE COMMENTS FROM COURT EVENT-literal only- | | | JIS |

| Date | # | Code | | Description | |
|------|---|------|---|-------------|---|
| 6/1/2011 | 40 | CMCS | ☐ «-*Req $* | CASE MANAGEMENT CONFERENCE SET-literal only- | JIS |
| 6/8/2011 | 41 | ORGR | ☐ «-*Req $* | ORDER GRANTING-literal only- | JIS |
| 7/6/2011 | 42 | CORE | ☐ «-*Req $* | CONDITIONS OF RELEASE-literal only- | JIS |
| 7/13/2011 | 43 | CCCE | | CASE COMMENTS FROM COURT EVENT-literal only- | JIS |
| 7/13/2011 | 44 | CMCS | ☐ «-*Req $* | CASE MANAGEMENT CONFERENCE SET-literal only- | JIS |
| 8/5/2011 | 45 | AFPD | | APPLICATION FOR INDIGENCE SUBMITTED / DETERMINATION PENDING REVIEW OF VEHICLE AND PROPERTY RECORDS-literal only- | JIS |
| 8/10/2011 | 46 | INFA_ | ☐ «-*Req $* | INFORMATION AMENDED-literal only- | JIS |
| 8/24/2011 | 47 | CMCS | ☐ «-*Req $* | CASE MANAGEMENT CONFERENCE SET-literal only- | JIS |
| 9/13/2011 | 48 | MOFO | ☐ «-*Req $* | MOTION FOR:-literal only- | JIS |
| 9/28/2011 | 49 | CMCS | ☐ «-*Req $* | CASE MANAGEMENT CONFERENCE SET-literal only- | JIS |
| 10/7/2011 | 50 | ANDD | ☐ «-*Req $* | ANSWER TO DEMAND FOR DISCOVERY-literal only- | JIS |
| 10/28/2011 | 51 | CMCS | ☐ «-*Req $* | CASE MANAGEMENT CONFERENCE SET-literal only- | JIS |
| 11/2/2011 | 52 | TRST | | TRIAL SET-literal only- | JIS |
| 11/2/2011 | 53 | PTST | ☐ «-*Req $* | PRETRIAL HEARING SET-literal only- | JIS |
| 11/2/2011 | 54 | PTST | ☐ «-*Req $* | PRETRIAL HEARING SET:-literal only- | JIS |
| 2/15/2012 | 55 | ORGR | ☐ «-*Req $* | ORDER GRANTING-literal only- | JIS |
| 3/14/2012 | 56 | CCCE | | CASE COMMENTS FROM COURT EVENT-literal only- | JIS |
| 3/28/2012 | 57 | MTNS | | MOTION HEARING SET-literal only- | JIS |
| 3/28/2012 | 58 | CCCE | | CASE COMMENTS FROM COURT EVENT-literal only- | JIS |
| 3/28/2012 | 59 | CMCS | ☐ «-*Req $* | CASE MANAGEMENT CONFERENCE SET-literal only- | JIS |
| 3/30/2012 | 60 | ANDD | ☐ «-*Req $* | ANSWER TO DEMAND FOR DISCOVERY-literal only- | JIS |
| 4/25/2012 | 61 | TRST | | TRIAL SET-literal only- | JIS |
| 4/25/2012 | 62 | PTST | ☐ «-*Req $* | PRETRIAL HEARING SET-literal only- | JIS |
| 4/25/2012 | 63 | PTST | ☐ «-*Req $* | PRETRIAL HEARING SET:-literal only- | JIS |
| 7/1/2012 | 64 | NJAS | | NEW JUDGE ASSIGNED-literal only- | JIS |
| 7/11/2012 | 65 | CCCE | | CASE COMMENTS FROM COURT EVENT-literal only- | JIS |
| 7/20/2012 | 66 | MODS | ☐ «-*Req $* | MOTION TO DISMISS-literal only- | JIS |
| 7/26/2012 | 67 | MOTO | ☐ «-*Req $* | MOTION TO:-literal only- | JIS |
| 7/26/2012 | 68 | ORGR | ☐ «-*Req $* | ORDER GRANTING-literal only- | JIS |
| 7/26/2012 | 69 | CCCE | | CASE COMMENTS FROM COURT EVENT-literal only- | JIS |
| 7/26/2012 | 70 | CMCS | ☐ «-*Req $* | CASE MANAGEMENT CONFERENCE SET-literal only- | JIS |
| 9/11/2012 | 71 | MTNS | | MOTION HEARING SET-literal only- | JIS |
| 9/12/2012 | 72 | MOTO | ☐ «-*Req $* | MOTION TO:-literal only- | JIS |
| 9/12/2012 | 73 | MODE | ☐ «-*Req $* | MOTION DENIED-literal only- | JIS |
| 9/12/2012 | 74 | CCCE | | CASE COMMENTS FROM COURT EVENT-literal only- | JIS |
| 9/12/2012 | 75 | TRST | | TRIAL SET-literal only- | JIS |
| 9/12/2012 | 76 | PTST | ☐ «-*Req $* | PRETRIAL HEARING SET:-literal only- | JIS |
| 9/12/2012 | 77 | PTST | ☐ «-*Req $* | PRETRIAL HEARING SET:-literal only- | JIS |
| 9/20/2012 | 78 | ANDD | ☐ «-*Req $* | ANSWER TO DEMAND FOR DISCOVERY-literal only- | JIS |
| 1/30/2013 | 79 | CCCE | | CASE COMMENTS FROM COURT EVENT-literal only- | JIS |
| 2/5/2013 | 80 | WSRT | | WITNESS SUBPOENA RETURNED-literal only- | JIS |

| Date | No. | Code | Description | Source |
|------|-----|------|-------------|--------|
| 2/14/2013 | 81 | CCCE | CASE COMMENTS FROM COURT EVENT-literal only- | JIS |
| 2/14/2013 | 82 | CMCS ☐ «-*Reg $* | CASE MANAGEMENT CONFERENCE SET-literal only- | JIS |
| 4/10/2013 | 83 | CMCS ☐ «-*Reg $* | CASE MANAGEMENT CONFERENCE SET-literal only- | JIS |
| 5/15/2013 | 84 | CMCS ☐ «-*Reg $* | CASE MANAGEMENT CONFERENCE SET-literal only- | JIS |
| 6/2/2013 | 85 | JDAS | JUDGE ASSIGNED-literal only- | JIS |
| 7/17/2013 | 86 | PDSE | PLEA DATE:-literal only- | JIS |
| 8/21/2013 | 87 | TRST | TRIAL SET-literal only- | JIS |
| 8/21/2013 | 88 | PTST ☐ «-*Reg $* | PRETRIAL HEARING SET:-literal only- | JIS |
| 8/21/2013 | 89 | PTST ☐ «-*Reg $* | PRETRIAL HEARING SET:-literal only- | JIS |
| 10/9/2013 | 90 | CCCE | CASE COMMENTS FROM COURT EVENT-literal only- | JIS |
| 10/24/2013 | 91 | DEPL | DEFENDANT PLEAD-literal only- | JIS |
| 10/24/2013 | 92 | PSIO | PRE-SENTENCE INVESTIGATION ORDERED-literal only- | JIS |
| 10/24/2013 | 93 | CCCE | CASE COMMENTS FROM COURT EVENT-literal only- | JIS |
| 10/24/2013 | 94 | CMCS ☐ «-*Reg $* | CASE MANAGEMENT CONFERENCE SET-literal only- | JIS |
| 10/24/2013 | 95 | PLEN | DEFENDANT ENTERED PLEA OF-literal only- | JIS |
| 10/24/2013 | 96 | WPAR | PLEA/ACKNOWLEDGMENT OF RIGHTS FILED-literal only- | JIS |
| 10/30/2013 | 97 | DISP | DISPOSITION DATE SET-literal only- | JIS |
| 10/30/2013 | 98 | DISP | DISPOSITION DATE SET-literal only- | JIS |
| 12/19/2013 | 99 | CCCE | CASE COMMENTS FROM COURT EVENT-literal only- | JIS |
| 12/19/2013 | 100 | PASS | PASSED UNTIL-literal only- | JIS |
| 12/19/2013 | 101 | HRGR | HEARING RECORD-literal only- | JIS |
| 12/19/2013 | 102 | EEAH ☐ «-*Reg $* | EVIDENCE ENTERED AT HEARING-literal only- | JIS |
| 12/19/2013 | 103 | PSIF | PRE-SENTENCE INVESTIGATION REPORT FILED-literal only- | JIS |
| 2/14/2014 | 2 | NEWVOLUME | VOLUME 1 CREATED | BM |
| 2/14/2014 | 3 | NEWVOLUME | VOLUME 2 CREATED | BM |
| 2/17/2014 | 4 | acfp | DEFENDANT ENTERED PLEA OF NOLO-CONTENDERE SEQ 1 | BM |
| 2/17/2014 | 5 | acat | GUILTY SEQ: 1 | BM |
| 2/17/2014 | 104 | PRBG | PROBATION ORDERED ADJ/G-literal only- | JIS |
| 2/17/2014 | 105 | ADJG | ADJUDICATED GUILTY-literal only- | JIS |
| 2/17/2014 | 106 | PROR | PROBATION ORDERED (YYMMDD)-literal only- | JIS |
| 2/17/2014 | 107 | CONS | TO RUN CONSECUTIVE WITH-literal only- | JIS |
| 2/17/2014 | 108 | COST | COURT COSTS AMOUNT-literal only- | JIS |
| 2/17/2014 | 109 | FINE | FINE AMOUNT-literal only- | JIS |
| 2/17/2014 | 110 | DVAC | DOMESTIC VIOLENCE ADDITIONAL COURT COST-literal only- | JIS |
| 2/17/2014 | 111 | RAPE | RAPE CRISIS CENTER TF (FS 938.085)-literal only- | JIS |
| 2/17/2014 | 112 | PDAF | APPLICATION FEE-literal only- | JIS |
| 2/17/2014 | 113 | CCCE | CASE COMMENTS FROM COURT EVENT-literal only- | JIS |
| 2/17/2014 | 114 | CACA | CRIMES AGAINST CHILDREN ASSESSMENT (FS 938.10)-literal only- | JIS |
| 2/17/2014 | 115 | PRFA | PROSECUTION FEE AMOUNT-literal only- | JIS |
| 2/17/2014 | 116 | VCOM | VICTIMS COMPENSATION-literal only- | JIS |
| 2/17/2014 | 117 | CCCE | CASE COMMENTS FROM COURT EVENT-literal only- | JIS |
| 2/17/2014 | 118 | CRCP | CIRCUIT PROBATION-literal only- | JIS |
| 2/17/2014 | 119 | AOAR | ADVISED OF APPEAL RIGHTS-literal only- | JIS |

| Date | # | Code | | Description | | | Init |
|---|---|---|---|---|---|---|---|
| 2/17/2014 | 120 | CTCM_ | «-Req $ | COURT MINUTES-literal only- | | | JIS |
| 2/17/2014 | 121 | SEGL_ | «-Req $ | SENTENCING GUIDELINES SCORESHEET-literal only- | | | JIS |
| 2/17/2014 | 122 | HRGR_ | «-Req $ | HEARING RECORD-literal only- | | | JIS |
| 2/17/2014 | 123 | JDSE_ | «-Req $ | JUDGMENT AND SENTENCE-literal only- | 4637 | 1266 | JIS |
| 2/18/2014 | 124 | SBDC_ | «-Req $ | SURETY BOND DISCHARGED-literal only- | | | JIS |
| 2/19/2014 | 6 | DOC | «-Req $ | DEFENDANT SENTENCED TO STATE PRISON// 5 DOC | | | BM |
| 2/19/2014 | 7 | PPRS | «-Req $ | PAYMENT PLAN RESTRUCTURED//PAYABLE AT $25.00 A MONTH TO BEGIN 18 MONTHS AFTER RELEASE | | | BM |
| 2/26/2014 | 125 | CPCL_ | «-Req $ | COMMITMENT PACKET COMPLETED & E-MAILED TO LCJ-literal only- | | | JIS |
| 3/6/2014 | 126 | ODER_ | «-Req $ | ORDER-literal only- | | | JIS |
| 3/18/2014 | 127 | NOAP_ | «-Req $ | NOTICE OF APPEAL-literal only- | | | JIS |
| 3/19/2014 | 128 | NDCA | | NOTICE OF APPEAL E-FILED TO DCA-literal only- | | | JIS |
| 3/20/2014 | 129 | DCAN_ | «-Req $ | DCA CASE NUMBER-literal only- | | | JIS |
| 3/20/2014 | 130 | ODCA_ | «-Req $ | ORDER FROM DCA-literal only- | | | JIS |
| 4/7/2014 | 131 | MOTN_ | «-Req $ | MOTION-literal only- | | | JIS |
| 4/9/2014 | 132 | MOTN_ | «-Req $ | MOTION-literal only- | | | JIS |
| 4/11/2014 | 133 | OFIC_ | «-Req $ | ORDER FINDING INDIGENT FOR COSTS-literal only- | | | JIS |
| 4/11/2014 | 134 | IDCA | «-Req $ | ORDER OF INSOLVENCY E-FILED TO DCA-literal only- | | | JIS |
| 4/30/2014 | 8 | REOA_ | | RECORD ON APPEAL - VOLUME 1 | | | BM |
| 4/30/2014 | 135 | AIND_ | «-Req $ | APPEAL INDEX-literal only- | | | JIS |
| 4/30/2014 | 136 | EDCA | «-Req $ | APPEAL RECORD E-FILED TO DCA-literal only- | | | JIS |
| 5/1/2014 | 137 | RLAG_ | «-Req $ | RECEIPT LETTER FROM ATTORNEY GENERAL-literal only- | | | JIS |
| 5/19/2014 | 138 | DTCR_ | «-Req $ | DESIGNATION TO COURT REPORTER-literal only- | | | JIS |
| 6/6/2014 | 139 | ODCA_ | «-Req $ | ORDER FROM DCA-literal only- | | | JIS |
| 6/18/2014 | 140 | OAPD_ | «-Req $ | ORDER APPOINTING PUBLIC DEFENDER-literal only- | | | JIS |
| 6/24/2014 | 141 | TRAN | «-Req $ | TRANSCRIPT OF-literal only- | | | JIS |
| 6/24/2014 | 142 | TRAN | «-Req $ | TRANSCRIPT OF-literal only- | | | JIS |
| 6/24/2014 | 143 | TRAN | «-Req $ | TRANSCRIPT OF-literal only- | | | JIS |
| 8/14/2014 | 144 | DICL_ | «-Req $ | DIRECTIONS TO CLERK-literal only- | | | JIS |
| 9/3/2014 | 145 | MOTN_ | «-Req $ | MOTION-literal only- | | | JIS |
| 9/5/2014 | 146 | ODCA_ | «-Req $ | ORDER FROM DCA-literal only- | | | JIS |
| 9/8/2014 | 147 | DTCR_ | «-Req $ | DESIGNATION TO COURT REPORTER-literal only- | | | JIS |
| 9/10/2014 | 9 | REOA_ | | RECORD ON APPEAL - SUPPLEMENTAL | | | BM |
| 9/10/2014 | 148 | AIND_ | «-Req $ | APPEAL INDEX-literal only- | | | JIS |
| 9/10/2014 | 149 | EDCA | «-Req $ | APPEAL RECORD E-FILED TO DCA-literal only- | | | JIS |
| 9/15/2015 | 150 | MAFF_ | «-Req $ | MANDATE AFFIRMING LOWER COURT DECISION-literal only- | 4843 | 1783 | JIS |
| 9/18/2015 | 152 | REPM | | REOPEN POST CONVICTION MOTION 3.800-literal only- | | | JIS |

| Date | No. | Code | | Description | Src |
|------|-----|------|---|-------------|-----|
| 9/18/2015 | 151 | JDAS | | JUDGE ASSIGNED-literal only- | JIS |
| 9/18/2015 | 153 | MOFO_ | «-*Req $* | MOTION FOR:-literal only- | JIS |
| 12/2/2015 | 154 | LTTR_ | «-*Req $* | LETTER-literal only- | JIS |
| 12/2/2015 | 155 | ODPC_ | «-*Req $* | ORDER DENYING POST CONVICTION-literal only- | JIS |
| 5/9/2017 | 156 | PCMF_ | «-*Req $* | POST CONVICTION REL. MTN FILED-literal only- | JIS |
| 5/9/2017 | 157 | REPC | | REOPEN POST CONVICTION MOTION 3.850-literal only- | JIS |
| 5/9/2017 | 158 | JDAS | | JUDGE ASSIGNED-literal only- | JIS |
| 5/16/2017 | 159 | OTSC_ | «-*Req $* | ORDER TO SHOW CAUSE-literal only- | JIS |
| 5/22/2017 | 160 | SAAS | | STATE ATTORNEY ASSIGNED-literal only- | JIS |
| 5/25/2017 | 161 | SRPC | «-*Req $* | STATES RESPONSE FILED-literal only- | JIS |
| 7/11/2017 | 162 | ODER_ | «-*Req $* | ORDER-literal only- | JIS |
| 7/11/2017 | 163 | MTNS | | MOTION HEARING SET-literal only- | JIS |
| 7/27/2017 | 164 | ORTP_ | «-*Req $* | ORDER TO TRANSPORT-literal only- | JIS |
| 8/9/2017 | 165 | ODPC_ | «-*Req $* | ORDER DENYING POST CONVICTION-literal only- | JIS |
| 8/9/2017 | 166 | ORTP_ | «-*Req $* | ORDER TO TRANSPORT-literal only- | JIS |
| 8/24/2017 | 167 | ORTR_ | «-*Req $* | ORDER TO TRANSPORT RETURNED-literal only- | JIS |
| 9/21/2017 | 168 | MOFO_ | «-*Req $* | MOTION FOR:-literal only- | JIS |
| 9/21/2017 | 169 | REOT | | REOPEN POST CONVICTION - OTHER-literal only- | JIS |
| 9/21/2017 | 170 | JDAS | | JUDGE ASSIGNED-literal only- | JIS |
| 9/27/2017 | 171 | MTNS_ | «-*Req $* | MOTION HEARING SET-literal only- | JIS |
| 9/29/2017 | 172 | ANDD_ | «-*Req $* | ANSWER TO DEMAND FOR DISCOVERY-literal only- | JIS |
| 9/29/2017 | 173 | OCRT_ | «-*Req $* | ORDER DIRECTING COURT REPORTER TO TRANSCRIBE NOTES-literal only- | JIS |
| 9/29/2017 | 174 | OGMP | «-*Req $* | ORDER GRANTING POST CONVICTION MOTION-literal only- | JIS |
| 10/2/2017 | 175 | TRAN_ | «-*Req $* | TRANSCRIPT OF-literal only- | JIS |
| 10/4/2017 | 176 | CCCE | | CASE COMMENTS FROM COURT EVENT-literal only- | JIS |
| 10/4/2017 | 177 | CTCM_ | «-*Req $* | COURT MINUTES-literal only- | JIS |
| 10/4/2017 | 178 | HRGR_ | «-*Req $* | HEARING RECORD-literal only- | JIS |
| 10/4/2017 | 179 | EXH | «-*Req $* | EXHIBITS-literal only- | JIS |
| 10/10/2017 | 180 | ORTR_ | «-*Req $* | ORDER TO TRANSPORT RETURNED-literal only- | JIS |
| 10/16/2017 | 181 | ORDE_ | «-*Req $* | ORDER DENYING-literal only- | JIS |
| 11/2/2017 | 182 | MOTN_ | «-*Req $* | MOTION-literal only- | JIS |
| 11/2/2017 | 183 | NOAP_ | «-*Req $* | NOTICE OF APPEAL-literal only- | JIS |
| 11/2/2017 | 184 | JATR_ | «-*Req $* | JUDICIAL ACTS TO BE REVIEWED-literal only- | JIS |
| 11/2/2017 | 185 | OAPD_ | «-*Req $* | ORDER APPOINTING PUBLIC DEFENDER-literal only- | JIS |
| 11/2/2017 | 186 | REOT | | REOPEN POST CONVICTION - OTHER-literal only- | JIS |
| 11/2/2017 | 187 | JDAS | | JUDGE ASSIGNED-literal only- | JIS |
| 11/2/2017 | 188 | OGMP | «-*Req $* | ORDER GRANTING POST CONVICTION MOTION-literal only- | JIS |
| 11/2/2017 | 189 | REQF_ | «-*Req $* | REQUEST FOR-literal only- | JIS |
| 11/2/2017 | 190 | NDCA | | NOTICE OF APPEAL E-FILED TO DCA-literal only- | JIS |

| Date | No. | Code | Req | Description | | | Src |
|---|---|---|---|---|---|---|---|
| 11/3/2017 | 191 | DCAN_ | ☐ «-Req $ | DCA CASE NUMBER-literal only- | | | JIS |
| 11/28/2017 | 192 | TRAN_ | ☐ «-Req $ | TRANSCRIPT OF-literal only- | | | JIS |
| 11/29/2017 | 10 | REOA_ | | RECORD ON APPEAL - 3.850 | | | BM |
| 11/29/2017 | 193 | ROAP | | RECORD ON APPEAL-literal only- | | | JIS |
| 11/29/2017 | 194 | EDCA | ☐ «-Req $ | APPEAL RECORD E-FILED TO DCA-literal only- | | | JIS |
| 11/30/2017 | 195 | RLAG_ | ☐ «-Req $ | RECEIPT LETTER FROM ATTORNEY GENERAL-literal only- | | | JIS |
| 3/5/2018 | 196 | MOTN_ | ☐ «-Req $ | MOTION-literal only- | | | JIS |
| 3/7/2018 | 197 | ODCA_ | ☐ «-Req $ | ORDER FROM DCA-literal only- | | | JIS |
| 3/7/2018 | 198 | DICL_ | ☐ «-Req $ | DIRECTIONS TO CLERK-literal only- | | | JIS |
| 3/20/2018 | 11 | REOA_ | | RECORD ON APPEAL - 3.850 SUPPLEMANTAL | | | BM |
| 3/20/2018 | 199 | ROAP | | RECORD ON APPEAL-literal only- | | | JIS |
| 3/20/2018 | 200 | EDCA | ☐ «-Req $ | APPEAL RECORD E-FILED TO DCA-literal only- | | | JIS |
| 3/22/2018 | 201 | RLAG_ | ☐ «-Req $ | RECEIPT LETTER FROM ATTORNEY GENERAL-literal only- | | | JIS |
| 4/18/2018 | 202 | MOTO_ | ☐ «-Req $ | MOTION TO:-literal only- | | | JIS |
| 4/19/2018 | 203 | DICL_ | ☐ «-Req $ | DIRECTIONS TO CLERK-literal only- | | | JIS |
| 4/19/2018 | 204 | ODCA_ | ☐ «-Req $ | ORDER FROM DCA-literal only- | | | JIS |
| 5/17/2018 | 205 | TRAN_ | ☐ «-Req $ | TRANSCRIPT OF-literal only- | | | JIS |
| 5/18/2018 | 12 | REOA_ | | RECORD ON APPEAL - 3.850 SECOND SUPPLEMENTAL | | | BM |
| 5/24/2018 | 206 | RLAG_ | ☐ «-Req $ | RECEIPT LETTER FROM ATTORNEY GENERAL-literal only- | | | JIS |
| 6/18/2018 | 207 | MOTN_ | ☐ «-Req $ | MOTION-literal only- | | | JIS |
| 6/19/2018 | 208 | REPM | | REOPEN POST CONVICTION MOTION 3.800-literal only- | | | JIS |
| 6/19/2018 | 209 | JDAS | | JUDGE ASSIGNED-literal only- | | | JIS |
| 6/20/2018 | 210 | OTSC_ | ☐ «-Req $ | ORDER TO SHOW CAUSE-literal only- | | | JIS |
| 6/20/2018 | 211 | SAAS | | STATE ATTORNEY ASSIGNED-literal only- | | | JIS |
| 6/29/2018 | 212 | SRPC_ | ☐ «-Req $ | STATES RESPONSE FILED-literal only- | | | JIS |
| 7/1/2018 | 213 | NJAS | | NEW JUDGE ASSIGNED-literal only- | | | JIS |
| 7/9/2018 | 214 | ORGR_ | ☐ «-Req $ | ORDER GRANTING-literal only- | | | JIS |
| 7/9/2018 | 221 | OGMP_ | ☐ «-Req $ | ORDER GRANTING POST CONVICTION MOTION-literal only- | | | JIS |
| 7/13/2018 | 215 | CTVF_ | ☐ «-Req $ | COURT VERIFICATION FORM-literal only- | | | JIS |
| 7/13/2018 | 216 | JSAC_ | ☐ «-Req $ | JUDGMENT SENTENCE AMENDED/CORRECTED-literal only- | 5216 | 4 | JIS |
| 7/16/2018 | 13 | REOA_ | | RECORD ON APPEAL - 3.850 THIRD SUPPLEMENTAL | | | BM |
| 7/16/2018 | 217 | ROAP | | RECORD ON APPEAL-literal only- | | | JIS |
| 7/16/2018 | 218 | EDCA | ☐ «-Req $ | APPEAL RECORD E-FILED TO DCA-literal only- | | | JIS |
| 7/19/2018 | 219 | RLAG_ | ☐ «-Req $ | RECEIPT LETTER FROM ATTORNEY GENERAL-literal only- | | | JIS |
| 11/2/2018 | 220 | SARA | | STATE ATTORNEY REASSIGNED TO-literal only- | | | JIS |
| 6/11/2019 | 222 | MAFF_ | ☐ «-Req $ | MANDATE AFFIRMING LOWER COURT DECISION-literal only- | 5324 | 1498 | JIS |
| 8/13/2019 | 223 | REPM | | REOPEN POST CONVICTION MOTION 3.800-literal only- | | | JIS |
| 8/13/2019 | 224 | JDAS | | JUDGE ASSIGNED-literal only- | | | JIS |
| 8/13/2019 | 225 | MOFO_ | ☐ «-Req $ | MOTION FOR:-literal only- | | | JIS |

| Date | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 8/21/2019 | 226 | ORDM_ | ☐ «-*Req $* | ORDER DISMISSING-literal only- | | | | | JIS |
| 8/21/2019 | 227 | ODMP | | ORDER DISMISSING POST CONVICTION- literal only- | | | | | JIS |
| 10/10/2019 | 228 | MAND_ | ☐ «-*Req $* | MANDATE-literal only- | | | 5369 | 1460 | JIS |
| 11/1/2019 | 229 | MAND_ | ☐ «-*Req $* | MANDATE-literal only- | | | 5377 | 955 | JIS |

Top of Page

| Event | Date | Start | Location | Judge | Result | Source |
|---|---|---|---|---|---|---|
| MOTION HEARING | 10/4/2017 | 2:30 PM | | FITZPATRICK | | JIS |
| *EVIDENTIARY HEARING: TAKEN INTO ADVISEMENT RETURN DEFENDANT TO DOC* | | | | | | |
| | 10/24/2013 | 9:30 AM | | FULFORD | | JIS |
| PLEA HEARING | 10/24/2013 | 9:30 AM | | FULFORD | | JIS |
| *SENTENCE DATE TO BE SET W/JUDGE'S JA* | | | | | | |
| | 10/9/2013 | 8:30 AM | | FULFORD | | JIS |
| *REMAIN ON TRIAL 10-28-13* | | | | | | |
| PLEA HEARING | 8/21/2013 | 8:30 AM | | FULFORD | | JIS |
| CASE MANAGEMENT | 7/17/2013 | 8:30 AM | | FULFORD | | JIS |
| CASE MANAGEMENT | 5/15/2013 | 9:00 AM | | SHEFFIELD | | JIS |
| CASE MANAGEMENT | 4/10/2013 | 9:00 AM | | SHEFFIELD | | JIS |
| | 2/14/2013 | 1:15 PM | | SHEFFIELD | | JIS |
| *OFF 2/18 TRIAL* | | | | | | |
| | 1/30/2013 | 9:05 AM | | SHEFFIELD | | JIS |
| *REMAIN ON TRIAL 2/18/13* | | | | | | |
| CASE MANAGEMENT | 9/12/2012 | 9:00 AM | | SHEFFIELD | | JIS |
| *SPEEDY TRIAL WAIVED* | | | | | | |
| MOTION HEARING | 9/12/2012 | 2:45 PM | | SHEFFIELD | | JIS |
| | 7/26/2012 | 1:15 PM | | SHEFFIELD | | JIS |
| *OFF TRIAL 8/6/12 REMAIN SET FOR HEARING 9/12/12* | | | | | | |
| | 7/11/2012 | 9:05 AM | | SHEFFIELD | | JIS |
| *REMAIN ON TRIAL 8/6/12* | | | | | | |
| CASE MANAGEMENT | 4/25/2012 | 9:00 AM | | DODSON | | JIS |
| MOTION HEARING | 3/28/2012 | 9:45 AM | | DODSON | | JIS |
| *DEF. MOTION TO CONTINUE - GRANTED OFF TRIAL FOR NEXT WEEK* | | | | | | |
| | 3/14/2012 | 9:05 AM | | DODSON | | JIS |
| *REMAIN ON TRIAL 4/2/2012* | | | | | | |
| CASE MANAGEMENT | 11/2/2011 | 9:00 AM | | FULFORD | | JIS |
| CASE MANAGEMENT | 9/28/2011 | 9:00 AM | | DODSON | | JIS |
| CASE MANAGEMENT | 8/24/2011 | 9:00 AM | | DODSON | | JIS |
| CASE MANAGEMENT | 7/13/2011 | 9:00 AM | | DODSON | | JIS |
| *SPEEDY TRIAL WAIVED* | | | | | | |
| MOTION HEARING | 6/1/2011 | 2:45 PM | | DODSON | | JIS |
| *MOTION TO MODIFY PRETRIAL RELEASE - GRANTED, WRITTEN ORDER TO FOLLOW* | | | | | | |
| FIRST APPEARANCE | 1/28/2011 | 8:30 AM | | ASHENAFI RICHARDSON | | JIS |
| *NO COMPUTER AND PHONE INTERNET ACCESS* | | | | | | |

Top of Page

| Docket Application | Owed | Paid | Dismissed | Due |
|---|---|---|---|---|
| APPLICATION OF INDIGENT STATUS - INDIGENT | $50.00 | $50.00 | $0.00 | $0.00 |

| | | | |
|---|---|---|---|
| PROSECUTION COST STATE ATTORNEY | $100.00 | $0.00 | $0.00 | $100.00 |
| CRIMES AGAINST CHILDREN ASSESSMENT | $151.00 | $0.00 | $0.00 | $151.00 |
| RAPE CRISIS CENTER ASSESSMENT - FELONY | $151.00 | $0.00 | $0.00 | $151.00 |
| FELONY VIOLATIONS FINE | $1,102.50 | $0.00 | $0.00 | $1,102.50 |
| CIRCUIT CRIMINAL COURT COSTS | $420.00 | $0.00 | $0.00 | $420.00 |
| DOMESTIC VIOLENCE ASSESSMENT | $201.00 | $0.00 | $0.00 | $201.00 |
| PARTIAL PAYMENT SETUP FEE - FELONY CASE | $25.00 | $0.00 | $0.00 | $25.00 |

Top of Page

| Ar Plan | | | | |
|---|---|---|---|---|
| Ordered Amt | Paid | Dismissed | Balance | Delinquent |
| $2,150.50 | $0.00 | $0.00 | $2,150.50 | $0.00 |

Top of Page

| Ar Schedule | | | |
|---|---|---|---|
| Schedule Date | Amt Owed | Amt Paid | Paid Date |
| 8/19/2020 | $50.00 | $0.00 | |
| 9/21/2020 | $25.00 | $0.00 | |
| 10/19/2020 | $25.00 | $0.00 | |
| 11/19/2020 | $25.00 | $0.00 | |
| 12/21/2020 | $25.00 | $0.00 | |
| 1/19/2021 | $25.00 | $0.00 | |
| 2/19/2021 | $25.00 | $0.00 | |
| 3/19/2021 | $25.00 | $0.00 | |
| 4/19/2021 | $25.00 | $0.00 | |
| 5/19/2021 | $25.00 | $0.00 | |
| 6/21/2021 | $25.00 | $0.00 | |
| 7/19/2021 | $25.00 | $0.00 | |
| 8/19/2021 | $25.00 | $0.00 | |
| 9/20/2021 | $25.00 | $0.00 | |
| 10/19/2021 | $25.00 | $0.00 | |
| 11/19/2021 | $25.00 | $0.00 | |
| 12/20/2021 | $25.00 | $0.00 | |
| 1/19/2022 | $25.00 | $0.00 | |
| 2/21/2022 | $25.00 | $0.00 | |
| 3/21/2022 | $25.00 | $0.00 | |
| 4/19/2022 | $25.00 | $0.00 | |
| 5/19/2022 | $25.00 | $0.00 | |
| 6/20/2022 | $25.00 | $0.00 | |
| 7/19/2022 | $25.00 | $0.00 | |
| 8/19/2022 | $25.00 | $0.00 | |
| 9/19/2022 | $25.00 | $0.00 | |
| 10/19/2022 | $25.00 | $0.00 | |
| 11/21/2022 | $25.00 | $0.00 | |
| 12/19/2022 | $25.00 | $0.00 | |
| 1/19/2023 | $25.00 | $0.00 | |
| 2/20/2023 | $25.00 | $0.00 | |
| 3/20/2023 | $25.00 | $0.00 | |
| 4/19/2023 | $25.00 | $0.00 | |
| 5/19/2023 | $25.00 | $0.00 | |
| 6/19/2023 | $25.00 | $0.00 | |
| 7/19/2023 | $25.00 | $0.00 | |
| 8/21/2023 | $25.00 | $0.00 | |
| 9/19/2023 | $25.00 | $0.00 | |
| 10/19/2023 | $25.00 | $0.00 | |
| 11/20/2023 | $25.00 | $0.00 | |
| 12/19/2023 | $25.00 | $0.00 | |
| 1/19/2024 | $25.00 | $0.00 | |
| 2/19/2024 | $25.00 | $0.00 | |
| 3/19/2024 | $25.00 | $0.00 | |

| | | |
|---|---|---|
| 4/19/2024 | $25.00 | $0.00 |
| 5/20/2024 | $25.00 | $0.00 |
| 6/19/2024 | $25.00 | $0.00 |
| 7/19/2024 | $25.00 | $0.00 |
| 8/19/2024 | $25.00 | $0.00 |
| 9/19/2024 | $25.00 | $0.00 |
| 10/21/2024 | $25.00 | $0.00 |
| 11/19/2024 | $25.00 | $0.00 |
| 12/19/2024 | $25.00 | $0.00 |
| 1/20/2025 | $25.00 | $0.00 |
| 2/19/2025 | $25.00 | $0.00 |
| 3/19/2025 | $25.00 | $0.00 |
| 4/21/2025 | $25.00 | $0.00 |
| 5/19/2025 | $25.00 | $0.00 |
| 6/19/2025 | $25.00 | $0.00 |
| 7/21/2025 | $25.00 | $0.00 |
| 8/19/2025 | $25.00 | $0.00 |
| 9/19/2025 | $25.00 | $0.00 |
| 10/20/2025 | $25.00 | $0.00 |
| 11/19/2025 | $25.00 | $0.00 |
| 12/19/2025 | $25.00 | $0.00 |
| 1/19/2026 | $25.00 | $0.00 |
| 2/19/2026 | $25.00 | $0.00 |
| 3/19/2026 | $25.00 | $0.00 |
| 4/20/2026 | $25.00 | $0.00 |
| 5/19/2026 | $25.00 | $0.00 |
| 6/19/2026 | $25.00 | $0.00 |
| 7/20/2026 | $25.00 | $0.00 |
| 8/19/2026 | $25.00 | $0.00 |
| 9/21/2026 | $25.00 | $0.00 |
| 10/19/2026 | $25.00 | $0.00 |
| 11/19/2026 | $25.00 | $0.00 |
| 12/21/2026 | $25.00 | $0.00 |
| 1/19/2027 | $25.00 | $0.00 |
| 2/19/2027 | $25.00 | $0.00 |
| 3/19/2027 | $25.00 | $0.00 |
| 4/19/2027 | $25.00 | $0.00 |
| 5/19/2027 | $25.00 | $0.00 |
| 6/21/2027 | $25.00 | $0.00 |
| 7/19/2027 | $25.00 | $0.00 |
| 8/19/2027 | $25.00 | $0.00 |
| 9/20/2027 | $0.50 | $0.00 |

Top of Page

Florida First District Court of Appeal Docket

Case Docket

Case Number: 1D14-1243

Final Criminal Judgment and Sentence Notice from Leon County

Stephen Mallet vs. State of Florida

Lower Tribunal Case(s):2011-CF-290-A

Right-click to copy shortcut directly to this page (/DCAResults
/CaseByYear?CaseYear=2014&CaseNumber=1243&Court=1)

| List of Abbreviations | | Printer Friendly View |

| Date Docketed | Description | Filed By | Notes |
|---|---|---|---|
| 03/19/2014 | Notice of Appeal Filed | Paul D. Srygley 0309052 | |
| 03/20/2014 | Appeal-Pay Fee/Submit LT Ord of Insolv ($300) | |    Appellant has filed a notice of appeal in the lower tribunal without the entry of an order of insolvency or deposit of the statutory filing fee.  Accordingly, appellant shall, within 30 days from the date of this order, either file a certified copy of the lower tribunal's order of insolvency for appellate purposes as required by Florida Rule of Appellate Procedure 9.430 or pay to the clerk of this Court the sum of $300.00 as the appellate filing fee required by the applicable rule of procedure and Section 35.22(3), Florida Statutes (2011).  If appellant seeks a waiver of the filing fee on the grounds of indigency, appellant shall file a motion and affidavit of indigency with the clerk of the lower tribunal (the court, agency, officer, board, commission or body whose order is to be reviewed) for a determination by the lower tribunal of whether an order of insolvency should be issued pursuant to Rule 9.430 and Section 57.081(1) or 57.085(2), Florida Statutes (2011), as applicable.     This appeal shall not proceed until the order of insolvency is filed or the fee is paid.  If at the end of 30 days appellant has neither paid the fee nor secured an order of indigency, appellant shall show cause within 10 days thereafter why this appeal should not be dismissed. Florida Rule of Appellate Procedure 9.410. |
| 03/20/2014 | Notice of Appeal / Acknowledgement letter | | |
| 04/11/2014 | ORD-FROM CIRCUIT COURT/AGENCY | | ord of insolvency |

| | | | |
|---|---|---|---|
| 04/15/2014 | Electronic Docketing Statement | | Appellant has failed to timely efile a completed electronic docketing statement via eDCA as required by the Court.  In re Electronic Filing of the Docketing Statement/Notice of Appearance of Counsel, 46 So.3d. 1017 (Fla. 1st DCA 2010). Failure to efile such completed docketing statement within 10 days from the date hereof may result in the imposition of sanctions, including dismissal of the appeal without further opportunity to be heard.  Florida Rule of Appellate Procedure 9.410. |
| 04/18/2014 | Docketing Statement | | AA Paul D. Srygley 0309052 |
| 04/30/2014 | Received Records | | 1 volume scanned ftp |
| 05/19/2014 | Motion To Withdraw as Counsel | Paul D. Srygley 0309052 | |
| 06/06/2014 | Grant Withdrawal of AA's PD with Remand | | The motion to withdraw filed on May 19, 2014, by Paul D. Srygley, is granted. Movant shall have no further responsibility in this cause. Jurisdiction is relinquished to the circuit court for 30 days from the date of this order for the purpose of appointing substitute counsel. At the end of the relinquishment period, jurisdiction shall automatically return to this court. |
| 06/18/2014 | ORD-FROM CIRCUIT COURT/AGENCY | | |
| 08/18/2014 | Initial Brf - 20-Day SC or Dismiss | | DISCHARGED    Appellant has failed to timely file the initial brief.  Appellant shall either file the initial brief within 20 days from the date of this order or show cause why this appeal should not be dismissed for failure to obey the rules and orders of this Court.  If appellant fails to file the brief or a response within the time allowed, this appeal shall be dismissed without further notice or opportunity to be heard.  Florida Rule of Appellate Procedure 9.410. |
| 09/03/2014 | Motion To File Supplemental Record | Steven L. Seliger 0244597 | |
| 09/05/2014 | Grant Suppl Rcd-30 dys Transmit/30 dys brf | | Appellant¿s motion filed September 3, 2014, seeking to supplement the record on appeal with transcripts of the plea hearings held on October 24, 2013, December 19, 2013, and February 17, 2014, is granted. Counsel for movant shall ensure preparation and transmittal of the supplemental record on or before September 22, 2014, and time for service of the initial brief is extended to 30 days following transmittal of the supplemental record. Upon consideration of the foregoing, the order to show cause of August 18, 2014, is discharged. |
| 09/10/2014 | Supplemental Records | | 1 volume scanned ftp |
| 09/15/2014 | Initial Brief on Merits | Andy Thomas 0317942 | |

| | | | |
|---|---|---|---|
| 09/15/2014 | Motion To Allow Appellant to File Brief | Andy Thomas 0317942 | |
| 09/16/2014 | Pro Se After Anders-No State Brief | | Appellant in proper person is granted 30 days from the date of this order to serve an initial brief. Failure to timely serve a pro se brief will result in this case being presented to the court without benefit of a pro se brief. Pending further order of this court, appellee shall not be required to serve an answer brief. If the panel of judges which considers the merits of this appeal finds that the record or briefs support any arguable claims, additional briefing will be ordered in accordance with In re Anders Briefs, 581 So. 2d 149 (Fla. 1991). |
| 09/19/2014 | Discharge Show Cause Ord Based on Resp | | In consideration of appellant's initial brief, filed September 15, 2014, the show cause order of August 18, 2014, is hereby discharged. |
| 10/21/2014 | Mot. for Extension of time to file Initial Brief | Stephen Mallet | |
| 10/22/2014 | AA/PT Srv Filing/File Supp Cert Serv 10dys | | Appellant is directed to serve a copy of his motion for extension of time to file initial brief filed October 21, 2014, on the appellee, and file supplemental certificate of service within 10 days of this order which so demonstrates. The failure of the appellant/petitioner to timely comply with this order may result in the imposition of sanctions, which may include dismissal of the case, without further opportunity to be heard. Florida Rule of Appellate Procedure 9.410. |
| 11/04/2014 | Certificate | | of service on mo for eot PS Stephen Mallet N27497 |
| 11/19/2014 | Grant Initial Brief Extension | | Appellant's motion filed October 21, 2014, for extension of time for service of the initial brief is granted. Appellant's brief shall be served on or before December 4, 2014. |
| 12/03/2014 | Motion for Extension of Time | Stephen Mallet | |
| 12/18/2014 | Grant PS Initial Brief Ext After Ander's Brief | | Appellant¿s motion for extension of time filed December 3, 2014, is granted in part. Any pro se initial brief shall be filed on or before January 16, 2015. Further extensions of time for filing of the pro se initial brief will not be granted except upon a showing of extraordinary circumstances, and the failure to file a brief within the time allotted by this order will result in the assignment of this cause to a panel of judges for disposition on the merits without the benefit of a pro se initial brief. |
| 01/15/2015 | Mot. for Extension of time to file Initial Brief | Stephen Mallet | |

| Date | Action | Attorney | Details |
|---|---|---|---|
| 02/04/2015 | Grant Init Brf Ext-No Fur EOT Unless Extraord | | Appellant¿s motion for extension of time filed January 15, 2015, is granted only in part. Any pro se initial brief shall be filed on or before February 24, 2015. This court will not entertain any further motions for extension of time in this matter absent a bona fide showing of emergency circumstances. The failure to file an initial brief within the time allotted by this order will result in the assignment of this cause to a panel of judges for disposition on the merits without the benefit of a pro se initial brief. |
| 03/02/2015 | Motion To File Enlarged Brief | Stephen Mallet | |
| 03/02/2015 | Initial Brief on Merits | Stephen Mallet | |
| 03/20/2015 | Grant Expanded Initial Brief-Accept Att Brief | | Pro se appellant¿s motion seeking leave to file an enlarged brief, filed March 2, 2015, is granted, and the initial brief accompanying the motion is accepted. |
| 07/13/2015 | Affirmed - Per Curiam Affirmed | | |
| 07/31/2015 | Motion For Clarification | Stephen Mallet | and written opinion |
| 08/27/2015 | Deny Clarification | | |
| 09/15/2015 | Mandate | | |
| 09/15/2015 | West Publishing | | |
| 09/15/2015 | Returned Records | | "NP" |

[ List of Abbreviations ]  [ Printer Friendly View ]

This site is best viewed using Chrome, Firefox, Edge, or Internet Explorer version 11.0.50 or higher.